**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**ERNEST A. HOLMES III,**
             **Plaintiff,**

       **v.**                                          **Civil Action No. 17-10722-WGY**

**J GRONDOLSKY, WARDEN,**
             **Defendant.**

## MEMORANDUM AND ORDER

 **YOUNG, D.J.**                                                    **JUNE 1, 2017**

For the reasons stated below, the Court denies the petition for writ of habeas corpus and dismisses this case in its entirety without assessment or payment of the filing fee.

### I.      Background and Procedural History

The pro se petitioner, Ernest A. Holmes III ("Holmes"), now in custody at FMC Devens, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. See Petition ("Pet."), Docket No. 1. He did not pay the $5.00 filing fee nor seek leave to proceed in forma pauperis. Holmes seeks "resentencing based on the Guidelines." Id. at ¶ 15 (request for relief). The petition raises two grounds: (1) the sentencing enhancement is unconstitutionally vague based on the holding of Johnson v. United States, 135 S. Ct. 2551 (2015); and (2) he was sentenced under Category IV based on prior state convictions but he should have been sentenced under Category II because he served less than one-year for two state convictions and his 60-day sentence for a third state conviction was vacated. Id. at ¶ 13 (grounds for your challenge in this petition). Holmes contends that his "sentence was enhanced to a 15 year mandatory minimum based on prior sexual convictions where violence was presumed by the court based on the nature of the offense [and that

1

<u>Johnson</u> forbids a court to infer violence where violence is not an element of the underlying offense]." <u>Id.</u>

On October 30, 2006, Holmes entered into a written plea agreement to receiving child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A). <u>United States v. Holmes</u>, C.R. No. 5:06-cr-95-DNH (N.D.N.Y. Oct. 30, 2006). In the plea agreement, Holmes admitted to three prior New York state convictions for aggravated sexual abuse, sexual abuse and abusive sexual conduct involving a minor or ward. <u>Id.</u> Holmes acknowledged that these prior convictions would result in increased punishment under 18 U.S.C. §§ 2252A(b)(1).[1] On February 21, 2007, the plea agreement was accepted, and Holmes was sentenced to 240 months incarceration and lifetime supervised release. <u>Id.</u> Judgment was entered on March 12, 2007. <u>Id.</u>

Five years later, on July 2, 2012, Holmes filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255 alleging that (1) his sentence was incorrect under the sentencing guidelines; (2) he had ineffective assistance of counsel; and (3) there was a lack of federal jurisdiction over his crimes. <u>Id.</u>, <u>see</u> <u>also</u> <u>Holmes v. United States</u>, C.A. No. 5:12-01067-DNH (N.D.N.Y. Jul. 2, 2012). On February 11, 2013, this Court issued a Memorandum Decision and Order denying Holmes' petition to vacate, set aside, or correct his sentence. On February 11, 2013, the sentencing judge denied the motion and did not issue a Certificate of Appealability. <u>Id</u>.

On March 1, 2013, Holmes moved for reconsideration of the denial of his Section 2255 motion based on his earlier arguments concerning ineffective assistance of counsel and lack of

---

[1]18 U.S.C. § 2252A(b)(1) provides that a person who violates, or attempts or conspires to violate 18 USCA § 2252A(a)(1), (2), (3), (4), or (6) shall be imprisoned not less than 5 years and not more than 20 years, but, if such person has a prior conviction under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, or sex trafficking of children, such person shall be fined under this title and imprisoned for not less than 15 years nor more than 40 years. See 18 U.S.C. § 2252A(b)(1).

federal jurisdiction over his criminal conduct.  Id.  By Order dated May 3, 2013, the sentencing

judge denied the motion noting that Holmes does not identify any change in controlling law, new

evidence, or information that might reasonably be expected to alter the sentencing court's earlier

conclusion and decision.  Id.  On May 15, 2013, Holmes filed an appeal, which was dismissed

after Holmes failed to file a motion for certificate of appealability.  See Holmes v. United States,

No. 13-1946 (2d Cir. Sept. 24, 2013).

II.     Discussion

A.      Savings Clause Jurisdiction

In general, pursuant to 28 U.S.C. § 2255, the court in which a federal defendant was

convicted and sentenced has exclusive jurisdiction over post-conviction proceedings challenging

the validity of the conviction or sentence.  Section 2255(e), known as the "savings clause,"

preserves a limited role for the court in the district of a federal inmate's incarceration to exercise

jurisdiction, under 28 U.S.C. § 2241, to consider a challenge to the validity of an inmate's

detention.  See United States v. Barrett, 178 F.3d 34, 49 (1st Cir. 1999), cert. denied, 528 U.S.

1176 (2000); see Rogers v. United States, 180 F.3d 349, 357 n.15 (1st Cir. 1999) cert. denied, 528

U.S. 1126 (2000) (a motion under § 2255 is the "exclusive remedy in the sentencing court for any

errors occurring at or prior to sentencing, including construction of the sentence itself.").  Section

2255(e) provides as follows:

> An application for a writ of habeas corpus in behalf
> of a prisoner who is authorized to apply for relief by
> motion pursuant to [§ 2255], shall not be entertained
> ... unless it ... appears that the remedy by motion
> [under § 2255] is inadequate or ineffective to test
> the legality of his detention.

28 U.S.C. § 2255(e) (emphasis added).  The issue of the adequacy and effectiveness of the §

2255 remedy in a case is jurisdictional, as the proper district for filing the petition depends on

whether the petition is filed under § 2241 or § 2255. See Bryant v. Warden, 738 F.3d 1253, 1262

(11th Cir. 2013).

Courts only allow recourse to the savings clause "in rare and exceptional circumstances,"

such as those where the restrictions on § 2255 motions would result in a "complete miscarriage

of justice."  Trenkler v. United States, 536 F.3d 85, 99 (1st Cir. 2008) (quoting in part In re

Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997)).  "Most courts have required a credible allegation

of actual innocence to access the savings clause."  Id.; see Barrett, 178 F.3d at 52-53 (discussing

availability of §2241 where a petitioner claims "actual innocence"); see also United States v.

Almenas, 52 F.Supp.3d 341, 345 (D. Mass. 2014) ("the savings clause is most often used in

situations where a retroactive Supreme Court decision as to the meaning of a criminal statute

would mean that [the petitioner] was not guilty of the crime of which he was convicted," and that

most courts have required "a credible allegation of actual innocence that the petitioner could not

have effectively raised at an earlier time," before allowing petitioners to take advantage of

savings clause).

If nothing prevented the petitioner from raising his § 2241 claims in a first § 2255

motion, he cannot prevail in asserting that the § 2255 process has been inadequate or ineffective

to challenge his detention.  See Bryant, 738 F.3d at 1272; see also Barrett, 178 F.3d at 53.  The

savings clause does not apply merely because § 2255 relief has already been denied, or because a

petitioner has been denied permission to file a second or successive § 2255 motion, or because a

second or successive § 2255 motion has been dismissed, or because the one year period of

limitations has expired.  United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir.  2000); see

Hernandez-Albino v. Haynes, 368 Fed. Appx. 156, 2010 WL 850191, *1 (1st Cir. 2010)

(unpublished decision stating " . . . [t]he remedy in section 2255 does not become 'inadequate or

ineffective' simply by virtue of the fact that the prisoner is not able to meet the gate-keeping

requirements for second or successive petitions."); Nascimento v. United States, 2012 WL

1004316, *3 (D. Mass. 2012) (a prisoner "may not circumvent statutory restrictions by filing a

habeas petition under § 2241 instead of § 2255").

## B.    Analysis

Holmes contends that the holding in Johnson provides grounds for relief from his

conviction and sentence.  In Johnson, the Supreme Court held that the residual clause of the

definition of "violent felony" set forth in the Armed Career Criminal Act ("ACCA") is void for

vagueness.  Johnson, 135 S. Ct. at 2556, 2558.  Here, Petitioner was convicted of receiving child

pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A).  He was subject to the mandatory

sentencing range of not less than 15 and not more than 40 years because he had at least one prior

state court conviction "relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct

involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution,

shipment, or transportation of child pornography, or sex trafficking of children."  See 18 U.S.C. §

2252A(b)(1).

Petitioner was not convicted under the ACCA, nor was his sentence enhanced due to the

existence of any prior "violent felony" convictions. Therefore, the Supreme Court's ruling in

Johnson is inapplicable to Holmes' conviction and sentence for receiving child pornography under

18 U.S.C. § 2252A(a)(2)(A).  The child pornography statute does not suffer from the same flaws

that the Supreme Court identified in <u>Johnson</u>. In fact, the First Circuit rejected a vagueness challenge to portions of an analogous child pornography statute. <u>See</u> <u>United States v. Silva</u>, 794 F.3d 173, 177 (1st Cir. 2015); <u>see</u> <u>also</u> <u>United States v. Adams</u>, 343 F.3d 1024, 1034–36 (9th Cir. 2003) (holding that the definition of "sexually explicit conduct" used by § 2256(2) is neither overbroad nor vague); <u>United States v. Whiting</u>, 165 F.3d 631, 634-35 (8th Cir. 1999) (finding that language in § 2252 not vague and upholding conviction because statute clearly provided notice of prohibited conduct).

Holmes' <u>Johnson</u> claim is without merit, and in any event, the statute under which Holmes was sentenced is not unconstitutionally vague. Because he cannot satisfy the savings clause of § 2255(e), his § 2241 petition must be dismissed.

**III.     Conclusion**

For the reasons stated above it is hereby Ordered that the petition for writ of habeas corpus is denied and the case dismissed in its entirety without assessment or payment of the filing fee.

        **SO ORDERED.**

                        _/s/ William G. Young_____
                        UNITED STATES DISTRICT JUDGE